779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAMELA ABBETT NICHOLSON Plaintiff-Appellant
v.
CITY OF OAK PARK, A MICHIGAN MUNICIPAL CORPORATION,
Defendant-Appellee.
 85-1083
 United States Court of Appeals, Sixth Circuit.
 10/11/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and MARTIN, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of appellant's motion for appointment of counsel. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the documents filed on appeal and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant was tried and acquitted by a jury in Michigan state court for making obscene phone calls pursuant to Michigan Statutes Annotated Sec. 28.808 et seq. However, the court assessed a $10,000 peace bond, attorney fees and court costs against her. Appellant filed a complaint against appellee in the district court seeking injunctive relief from the state court's orders. The district court granted summary judgment in favor of appellee finding that appellant failed to state a claim upon which relief can be granted. In response appellant filed a notice of appeal.
 
 
 3
 Upon consideration this Court finds that appellant has failed to establish any grounds for relief under Sec. 1983. Appellant's allegations are unsupported by facts which demonstrate that she was deprived of any constitutional rights under color of law. Imbler v. Pachtman, 424 U.S. 409 (1976). Moreover, she fails to allege that appellee implemented any policy statement, ordinance or regulation which deprived her of constitutional rights. Monnell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). It appears that appellee's only alleged liability is for the acts of the court in which appellant was prosecuted under MSA Sec. 28.808 et seq. and for the acts of the officer issuing the warrant for appellant's arrest. Appellant cannot recover against appellee on the theory of respondent superior. Appellant must establish that appellees actions pursuant to official municipal policy caused a constitutional deprivation. Monnell, supra.
 
 
 4
 It is therefore ORDERED that appellant's motion for appointment of counsel be and hereby is denied and the district court's decision affirmed. Sixth Circuit Rule 9(d)(2).